RECEIVED
IN ALEXANDRIA, LA.

.1111_ 0 9 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **DON CARRAWAY** | **CIVIL ACTION NO. 09-1526** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **UNITED STATES OF AMERICA o/b/o FEDERAL EMERGENCY MANAGEMENT AGENCY and W. CRAIG FUGATE** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by the United States of America on behalf of the Federal Emergency Management Agency ("FEMA") and its Administrator, W. Craig Fugate (collectively "Government" or "Defendants").[1] For the reasons expressed below, the court finds that the government's motion should be GRANTED and, therefore, all claims by plaintiff should be DISMISSED with prejudice.

Hurricane Gustav made landfall near Cocodrie, Louisiana on or about September 1, 2008, causing significant damage to homes and businesses in and around Alexandria, Louisiana as it moved inland from the Gulf of Mexico.[2]  Plaintiff alleges that his home and automobile were damaged by Hurricane Gustav and that his application to FEMA for emergency relief funds for these damages was denied unjustly.  Specifically, plaintiff alleges that he filed a claim for relief with

---

[1] R. 21.

[2] John L. Beven II and Todd B. Kimberlain, <u>Tropical Cyclone Report: Hurricane Gustav</u> 1 - 2 National Hurricane Center (1/22/09).

1

FEMA and that, after his home and automobile were inspected by a FEMA employee, he was paid a mere $300 for his damages on the basis that the inspector found that the damages pre-dated Hurricane Gustav and were not attributable to that weather event.[3]  Plaintiff's suit seeks relief for his property damage, as well as for mental anguish, embarrassment, pain and suffering and loss of enjoyment of life.[4]

The government responded to plaintiff's suit with the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Having allowed for extensive briefing of this motion, the court will address the law and arguments advanced by the parties.[5]

## B.    APPLICABLE STANDARDS

When faced with a motion to dismiss for lack of subject matter jurisdiction, the party asserting the existence of such jurisdiction bears the burden of proof.[6]  The motion should only be granted if it appears certain that the plaintiff can prove no set of facts which would establish subject

---

[3]Plaintiff's second response to the motion to dismiss [R. 27].

[4]R. 1.

[5]Several extensions of time for the filing of an opposition by plaintiff were granted in this matter. After counsel for plaintiff enrolled in this matter, a final extension of time was granted [R. 34]. Pursuant to Local Rule 7.1W, a hard copy of all motions, responses and replies filed in this court must be transmitted to the chambers of the presiding judge. In addition to the notice of motion setting reminding counsel of their obligation to provide courtesy copies under the Rule [R. 21], four (4) separate phone calls were placed to counsel for plaintiff, all unreturned, in an attempt to ensure our receipt of these copies. The court cautions that this conduct by counsel will not be tolerated in the future and will result in a delay in consideration of the motion at issue, as well as a show cause hearing at which counsel will account to the court for his neglect.

[6]Fed. R. Civ. P. 12(b)(1); Ramming v. United States, 281 F.3d 158 (5th Cir. 2001).

2

matter jurisdiction.[7]  The court may base its ruling as to subject matter jurisdiction on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[8]

Under the doctrine of sovereign immunity, the United States may only be sued with the consent of Congress.[9]  Because sovereign immunity constitutes a jurisdictional issue, Congress' intent to waive immunity from suit must be express and unequivocal.[10]  In the context of a motion to dismiss, it is settled by Fifth Circuit jurisprudence that the party advocating jurisdiction must demonstrate that the claims at issue fall within an express waiver of immunity in order to demonstrate the existence of subject matter jurisdiction.[11]

## II.   ANALYSIS

The government asserts that plaintiff's claims are barred by the doctrine of sovereign immunity because they allege liability for discretionary acts by FEMA.  The government points out that the Stafford Disaster Relief and Emergency Assistance Act ("Act"), 42 U.S.C. §§ 5121 - 5208, contains a discretionary function exemption which dictates that the government

> shall not be liable for any claims based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee

---

[7]Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Lane v. Halliburton, 529 Fe.3d 548, 557 (5th Cir. 2008).

[8]Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981).

[9]Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).

[10]Lane v. Pena, 518 U.S. 187, 192 (1996).

[11]St. Tammany Parish v. Federal Emergency Management Agency, 556 F.3d 307 (5th Cir. 2009); Freeman v. United States, 556 F.3d 326 (5th Cir. 2009).

of the federal government in carrying out provisions of this chapter.[12]

The government also points out that the language of the Act enabling FEMA to administer disaster relief claims is permissive, citing Section 5174(a)(1), which states that

> the President, in consultation with the Governor of a State, may provide financial assistance, and, if necessary, direct services, to individuals and households in the State who, as a direct result of a major disaster, have necessary expenses and serious needs in cases in which the individuals and households are unable to meet such expenses or needs through other means.[13]

Plaintiff argues that his complaint, which invokes simply the "United States Code," fairly encompasses claims under the Federal Tort Claims Act ("FTCA"), as well as the Stafford Act.[14] Plaintiff further argues that the FTCA is a waiver of sovereign immunity for suits against the United States for damages resulting from the negligent or wrongful act of an employee of the government when, if the government were a private person, applicable state tort law would assign liability.[15]

Alternatively, plaintiff requests that this court grant him leave to amend his complaint if we find that dismissal under the Stafford Act and the FTCA are appropriate.[16]  More specifically, plaintiff claims that, though discretionary acts may not form the basis for judicial review by this

---

[12]42 U.S.C. § 5148.

[13]42 U.S.C. § 5174(a)(1).  The Stafford Act also provides that the President of the United States may delegate his authority under the Act to one or more federal agencies.  In this case, the court assumes that the President delegated his authority under the Stafford Act to FEMA after declaring many Louisiana parishes, including Rapides, a major disaster area on or about September 2, 2008.  See www.fema.gov/news/event.fema?id=10489.

[14]R. 37 citing R. 1.

[15]Id. at p. 5.

[16]Id.

4

court, the United States is not immune from suit for constitutional violations.[17]  Plaintiff then asserts

a new cause of action under the Due Process Clause of the U.S. Constitution's Fifth Amendment,

characterizing FEMA's denial of his disaster relief claim as a deprivation of "life, liberty or

property."[18]   We first address plaintiff's claims under the Stafford Act and the FTCA.

The FTCA permits suits against the United States for

> injury or loss of property, or personal injury or death caused
> by the negligent or wrongful act or omission of any employee
> of the Government while acting within the scope of his office
> or employment, under circumstances where the United States, if
> a private person, would be liable to the claimant in accordance
> with the law of the place where the act or omission occurred.[19]

Thus, the FTCA plainly waives sovereign immunity for tort claims seeking money damages.[20]

Like the Stafford Act, the FTCA contains a discretionary function exemption which bars suits

asserting

> any claim...based on the exercise or performance or the failure
> to exercise or perform a discretionary function or duty on the part
> of a federal agency or an employee of the Government, whether
> or not the discretion involved be abused.[21]

Although the Stafford Act does not contain an express waiver of sovereign immunity, it does

contain a discretionary function exemption which exempts the United States from suit on

---

[17]Id. at pp. 5-6.

[18]Id.

[19]28 U.S.C. § 1346(b)(1).

[20]In re Supreme Beef Processors, Inc., 468 F.3d 248, 252 (5th Cir. 2006).

[21]28 U.S.C. § 2680(b).

5

any claim based upon the exercise or performance of or the failure to perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out provisions of this chapter.[22]

Given the similarities in the language used in each discretionary function exemption, the Fifth Circuit has declared that the phrase "discretionary function or duty" has the same meaning in each exemption.[23]  We are faced, therefore, with the task of determining whether or not the allegations of plaintiff's complaint, taken as true for the purposes of this motion, involve discretionary or non-discretionary acts by FEMA. If, as the government suggests, the payment of plaintiff's disaster relief claim is a discretionary function, plaintiff's claims would fall outside the scope of this court's subject matter jurisdiction under both the Stafford Act and the FTCA.

In determining whether or not FEMA's decision to award plaintiff approximately $300 on his disaster relief claim was a discretionary act, we are bound to apply the two-part test enunciated by the U.S. Supreme Court in Berkovitz v. United States.[24]  There, the Court instructed that a district court considering matters of discretionary function exemption must first ask whether or not the conduct at issue is a "matter of choice for the acting employee."[25]

As cited above, the language of the Stafford Act, upon which plaintiff's claim for disaster relief benefits must rest, is permissive as it employs the phrase "**may** provide financial assistance

---

[22]42 U.S.C. § 5148.

[23]St. Tammany, 556 F.3d at 323; Freeman, 556 F.3d at 336 (citing In re World Trade Ctr. Disaster Site Litig., 521 F.3d 169, 188-89 (2 Cir. 2008)).

[24]486 U.S. 531 (1988).

[25]Id. at 536.

6

to...individuals."[26]  Moreover, administrative regulations concerning eligibility for assistance to individuals and households also employ permissive language, providing that "[r]epairs **may** be authorized" and "[e]ligible applicants for repairs **may** be assisted through...the following methods."[27]

Under Fifth Circuit jurisprudence, the word "may" indicates on its face that FEMA's decision to award financial assistance to an individual, as plaintiff, is discretionary in nature.[28]  Plaintiff's responses to the government's motion explain that once plaintiff filed a claim for disaster relief benefits with FEMA, a FEMA employee by the name of "O'Hare" visited plaintiff's home and inspected the property allegedly damaged in the hurricane.[29]  Thereafter, FEMA awarded him approximately $300 and denied the remainder of plaintiff's claim on the basis that the damages appeared to pre-date Hurricane Gustav.[30]  Plaintiff's responses further explain that he appealed this determination several times, even submitting a letter by Robert Golden which expressed the view that the damage to plaintiff's residence was not pre-existing.[31]  Plaintiff plainly alleges that O'Hare's assessment of his property resulted in FEMA's denial of the majority of his claim.[32]

We find that FEMA's decision to award plaintiff only a portion of his disaster relief claim

[26]42 U.S.C. 5174(a)(1) (emphasis added).

[27]44 C.F.R. § 206.113(D)(g)(4) (emphasis added).

[28]St. Tammany, 556 F.3d at 324 (citing Neuwirth v. La. State Bd. of Dentistry, 845 F.2d 553, 557 (5th Cir. 1988)).

[29]R. 27, 37.

[30]Id.

[31]R. 27 at pp. 3-4.

[32]Id. at p. 5; R. 37 at p. 1.

7

is an act which involved "the element of judgment or choice" by FEMA.[33]  Moreover, we find that

O'Hare's status as the final decision making authority within FEMA for plaintiff's claim is

irrelevant. "It is the nature of the conduct, rather than the status of the actor" that determines

whether or not the discretionary function exemption applies.[34]

The second part of the <u>Berkovitz</u> test requires this court to ask whether or not the judgment

made was the kind that the discretionary function exemption was designed to shield from liability.[35]

As cited by the Fifth Circuit in St. Tammany,

> if a regulation allows the employee discretion, the very existence
> of the regulation creates a strong presumption that a discretionary
> act authorized by the regulation involves consideration of the
> same policies which led to the promulgation of the regulations.[36]

In the recent case of <u>St. Tammany Parish v. Federal Emergency Management Agency</u>, the

Fifth Circuit reasoned that FEMA's decision not to remove all of the debris in the Coin du Lestin

canals located in St. Tammany Parish was exactly the kind of "discretionary, policy-oriented" action

that the statutory exemption was designed to protect from tort liability.[37]  In the companion case,

<u>Freeman v. United States</u>, the court similarly found that decisions involving the allocation of

resources or the feasibility of certain plans of action are "grounded in social, economic, and public

policy" and, for that reason, invoke the "strong presumption" that the discretion exercised is related

---

[33]<u>Berkovitz</u>, 486 U.S. at 536-37.

[34]<u>U.S. v. Gaubert</u>, 499 U.S. 315, 322 (quoting <u>U.S. v. S.A. Empresa de Viacao Aerea Rio Grandense</u>, 467 U.S. 797, 813 (1984).

[35]<u>Berkovitz</u>, 486 U.S. at 536.

[36]<u>St. Tammany</u>, 556 F.3d at 324 (quoting <u>Gaubert</u>, 499 U.S. at 324).

[37]<u>Id.</u> at 325.

8

to the relevant policy.[38]  In another recent decision, <u>Davis v. United States</u>, the Fifth Circuit concluded that the decisions made by Navy rescue swimmers and pilots during an attempted rescue following Hurricane Katrina were the product of discretion based on competing considerations, including safety and resource allocation.[39]  The court reasoned that these discretionary decisions, therefore, were the types of judgments which were intended to fit within the United States' sovereign immunity.[40]

In light of these prior rulings, we find that FEMA's exercise of discretion in choosing to fund plaintiff's disaster relief claim at the level of $300, rather than the amount sought be plaintiff (whatever that amount may be) involved considerations of public and economic policy surrounding FEMA's effort to reasonably allocate governmental resources.  As such, we find that the decision to fund and how to fund particular disaster relief claims is the type of discretionary act intended to be shielded from liability by the discretionary function exemption found within the Stafford Act. As cited by the Fifth Circuit in St. Tammany, the fact that Section 5148 applies means that plaintiff's claims, to the extent that they are founded upon the FTCA or the APA, must also fail, as Congress has unequivocally '"preclud[ed] judicial review of all disaster relief claims based upon the discretionary actions of federal employees.'"[41]  Accordingly, we find that, assuming the allegations of plaintiff's complaint to be true for purposes of this motion, plaintiff can prove no set of facts

---

[38]<u>Freeman</u>, 556 F.3d at 341.

[39]597 F.3d 646, 650-51 (5th Cir. 2009).

[40]<u>Id.</u>

[41]<u>St. Tammany</u>, 556 F.3d at 326 (quoting <u>Rosas v. Brock</u>, 826 F.2d 1004, 1008 (11th Cir. 1987)).

9

concerning the partial denial of his disaster relief claim by FEMA that would entitle him to relief from this court, as we lack subject matter jurisdiction over this claim by virtue of the statutory language discussed above.

We now turn to plaintiff's newly-stated Fifth Amendment claim.  Plaintiff's latest memorandum in opposition to the government's motion to dismiss raises, for the first time, a Due Process claim under the federal constitution.  Review of the record indicates that plaintiff attempted to file what would be his fourth supplemental and amended complaint on or about June 17, 2010.[42] Counsel for plaintiff was informed of the deficiency in this proposed pleading, due to the fact that no leave of court was sought or obtained pursuant to Fed. R. Civ. P. 15(a)(1).[43]  As of the date of issuance of this ruling, nearly one month later, plaintiff has not corrected this deficiency.

Fed. R. Civ. P. 15(a)(2) provides that leave of court should be freely granted "when justice so requires."  Whether or not to grant such leave is a matter lying within the sound discretion of the trial court.[44]  Given the evident bias in the Rule for the granting of leave, the court's discretion is not broad enough to support denial of leave when the court lacks a substantial reason therefor.[45]  The court may deny leave to amend when the proposed amendment would be futile, among other reasons.[46]  An amendment is considered "futile" for purposes of denial of leave when the proposed

---

[42]R. 38.

[43]R. 39 issued June 18, 2010.

[44]Matter of Southmark Corp., 88 F.3d 311, 314 (5th Cir. 1996) (citing Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995)).

[45]Id.

[46]Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004).

10

amendment would fail to state a claim upon which relief could be granted.[47]

Our review of plaintiff's proposed amendment reveals that, as expressed in his memorandum in opposition to the government's motion, the amendment, if allowed, would add a federal constitutional claim under the Due Process Clause of the Fifth Amendment.[48] Thus, plaintiff would assert a property interest in payment on his FEMA disaster relief claim. The court is convinced that plaintiff's amendment would be futile, as plaintiff could prove no set of facts which would establish a property interest in payment of his claim. As cited above, the language of the Stafford Act, the FTCA and applicable regulations is permissive and does not create a property interest in favor of plaintiff sufficient to support Due Process considerations. The mere fact that benefits are distributed by a government agency does not entitle plaintiff to assert a property interest therein.[49] Moreover, plaintiff does not suggest that he was previously receiving FEMA payments which he developed a property interest in under cases such as Mathews v. Eldridge and Goldberg v. Kelly.[50]

For these reasons, we decline to grant leave, though no actual motion for same has been filed. Plaintiff's claims against defendants will be dismissed in their entirety. The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
July  9  , 2010

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

_____

[47]Stripling v. Jordan Production Co., LLC, 234 F.3d 863 (5th Cir. 2000).

[48]R. 38 at ¶ 13.

[49]Ridgely v. Fed. Emerg. Mgmt. Agcy., 512 F.3d 727, 734-36 (5th Cir. 2008).

[50]424 U.S. 319 (1976); 397 U.S. 254 (1970).

11