RECEIVED
OCT 2 0 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| DON CARRAWAY | CIVIL ACTION NO. 09-1526 |
| VERSUS | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA o/b/o FEDERAL EMERGENCY MANAGEMENT AGENCY and W. CRAIG FUGATE | MAGISTRATE JUDGE KIRK |

---

### MEMORANDUM RULING

Before the court are three (3) pending motions filed by plaintiff in the above-captioned case. We address each motion individually below.

On July 9, 2010, this court granted the motion to dismiss filed by the United States of America ("Government") [R. 21] on the basis that we lacked subject matter jurisdiction over plaintiff's claims against the Government.[1] We further found that plaintiff's newly proposed Fifth Amendment claim failed because citizens do not possess a property interest in FEMA payments under applicable jurisprudence.[2] On that basis, the court denied plaintiff's request to amend his pleadings to incorporate a Due Process claim.[3]

On September 26, 2010, plaintiff, now acting pro se in this matter, requested leave to file his

---

[1] R. 40.

[2] Id.

[3] Id.

1

motion for reconsideration out of time.[4] This motion was granted on September 27, 2010.[5] On September 30, 2010, plaintiff filed a motion for extension of time to file his motion for reconsideration and that motion was granted by the court on October 4, 2010.[6]

Plaintiff filed his motion for reconsideration on October 12, 2010, making it timely under the court's granted extension.[7] In addition, plaintiff also filed a "Motion to Request Waiver of Sovereign Immunity" and a "Motion to File Waiver of Sovereign Immunity."[8]

Turning first to plaintiff's motion for reconsideration, our review of same leads us to conclude that plaintiff has offered no evidence which demonstrates that reconsideration of plaintiff's claims is warranted in this case. While plaintiff has filed numerous invoices, quotes and other documents which he believes support his claims against the Government, these newly proffered items do not change the court's lack of subject matter jurisdiction over those claims as discussed in our prior ruling. Plaintiff's motion for reconsideration will, accordingly, be denied.

Plaintiff's motions concerning sovereign immunity have been reviewed by this court, though they are very nearly illegible.[9] It appears from our review of these motions that plaintiff believes that a default judgment should have been entered against the Government because of the Government's failure to answer his complaint in a timely manner. While it appears that plaintiff is correct that the

---

[4] R. 44.

[5] R. 48.

[6] R. 52, 53.

[7] R. 54.

[8] R. 56, 57.

[9] R. 56, 57.

Government's first appearance in this case, by way of its motion to dismiss, occurred in February of 2010 and that the Government was served with a summons on or about September 3, 2009, we do not find that plaintiff ever requested entry of default judgment in this case. Moreover, the court's entry of a preliminary default against the Government in this case would not be determinative of the merits, given that preliminary defaults are routinely vacated upon a showing of cause by the defaulted party. Additionally, the Government has now made an appearance in this case and, as such, no default may be entered against them at this time.

Plaintiff's second and third motions also requests waiver of the Government's sovereign immunity from this court. This court is without authority to provide any such relief. A waiver of the Government's sovereign immunity must be "unequivocally expressed" in statutory law and will not be implied by a court.[10]

For the reasons stated above, plaintiff's second and third pending motions will be denied. The court will issue an order in conformity with these findings.

We will now address an additional issue that has recently been called to our attention concerning plaintiff. Conversations with court security and clerk's office staff reveal that plaintiff has been visiting the federal courthouse here in Alexandria with increasing frequency. Staff report that, though plaintiff usually conducts some legitimate court business during these visits, he often remains on the premises after such business is concluded. Clerk's office staff further report that he has begun asking personal questions of them, such as their dates of birth and astrological sign. Additionally, plaintiff often asks clerk's office staff legal questions about the prosecution of his case.

---

[10] Dept. of the Army v. Blue Fox, Inc., 525 U.S. 255 (1999); U. S. Dept. of Energy v. Ohio, 503 U.S. 607 (1992).

Court security staff report that plaintiff's hygiene creates a sanitation issue within the lobby area and that plaintiff's frequent loitering is disruptive to ongoing court business.

In order to prevent these types of disturbances by plaintiff in the future, the court will order that plaintiff may no longer file any pleading as of right in this court. Should plaintiff wish to file a pleading in this case or to file some new cause of action, plaintiff will first write to the court via U.S. Mail and request permission to make his filing. The court will promptly answer any such request by plaintiff in writing via certified U.S. Mail. **Only with a copy of this court's written permission to make any particular filing will plaintiff be permitted entry to the clerk's office**. We caution plaintiff that, if such permission is granted, plaintiff shall make his filing and conduct any legitimate court business while refraining from harassing clerk's office personnel. Plaintiff is further instructed that clerk's office staff will not answer questions about the merits of his case and will not provide him with personal or legal advice. Plaintiff will also refrain from loitering on the premises after his court business is concluded. Any failure by plaintiff to abide by these restrictions, necessitated by plaintiff's own conduct, will result in a hearing at which plaintiff may be found in contempt of court and sanctioned appropriately.

To be clear, it is not the court's intent to deprive plaintiff of access to this court. We will not, however, allow plaintiff to abuse these premises and its staff.

Alexandria, Louisiana
October _20_, 2010

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

4